310 P.2d 387

Wilmith J. REES, Plaintiff and Appellant,

v.

The MURRAY CITY BOARD OF EDUCATION and Wendell C. Day, Earl Healy, David B. McCleery, Paul S. Rose, Laurence P. Parry, J. Easton Parratt and Varian Mortenson, Defendants and Respondents.

No. 8586.

Supreme Court of Utah.

April 15, 1957.

A. W. Sandack, Salt Lake City, for appellant.

Peter W. Billings, Salt Lake City, for respondents.

WADE, Justice.

Appeal from a summary judgment in favor of all respondents in two causes of action except J. Easton Parratt and Varian Mortenson. No summary judgment was entered in favor of Messrs. Parratt and Mortenson in appellant's second cause of action.

Appellant in her first cause of action sought a writ of injunction enjoining defendants and respondents herein from refusing to allow her to continue as a permanent teacher in the Murray High School, a public school, and in her second cause of action sought damages against the individual defendants for their wrongful interference with her right to contract with the Murray City Board of Education.

Appellant based her first cause of action upon the fact that because she had completed three years of employment with the Murray City Board of Education, she obtained tenure as a permanent teacher and as such, was entitled to be re-employed annually until she resigned or was legally discharged.

From the affidavits and depositions filed in this matter, it appears that appellant is, and was, a married woman from the inception of her employment. Even though the record does not support a holding as a matter of law that the Murray City Board of Education has not adopted a policy of granting teachers who have satisfactorily

completed three years of service tenure, yet it is clear from the documentary evidence that the Board of Education at all times pertinent herein specifically excepted from such a policy married female teachers, and that such teachers were advised that they could not obtain status as permanent teachers, but their status would be that of a temporary teacher regardless of the number of years served in the district.

Utah does not have a statute granting tenure to teachers. The only way she could have obtained tenure would have been by the the express provisions in her contracts or by the policies, rules and regulations adopted by the Murray City Board of Education prior to the making of her contracts and which would have by implication become a part of them. Neither by express contract nor by adoption of policies, rules or regulations did the Murray City Board of Education grant tenure to married female teachers. Not having attained tenure, appellant's employment was subject to the discretion of the school board, and the board had the right to decline to re-employ her for any reason or no reason at all. See Am.Jur., Schools, Sections 108 at page 372, and 114, 115 at pages 376 and 377. The court therefore did not err in granting summary judgment under the provisions of Rule 56(c), U.R.C.P.

Appellant contends that the court erred in granting a summary judgment in favor of the individual members of the Murray City Board of Education in her second cause of action which alleged a wrongful interference by the members of the board of her right to a contract. The second cause of action assumes that appellant had a right to a contract from the Murray City Board of Education, and since she had no such right, and since the members of the board were obviously acting within the scope of their authority and performing their duties in determining whom they wished to employ and in refusing to re-employ her, the court correctly granted a summary judgment in their favor.

Affirmed. No costs awarded.

McDONOUGH, C. J., and CROCKETT, WORTHEN and HENRIOD, JJ., concur.